UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-22874-UU

DOUGLAS LONGHINI,

    Plaintiff,

v.

WEST 97 CORP.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss with Prejudice "Second" Complaint by Plaintiff Douglas Longhini, Individually for Lack of Subject Matter Jurisdiction Based upon Mootness and Lack of Standing Pursuant to Federal Rule of Civil Procedure 12(b)(1), D.E. 12. The Motion is fully briefed and ripe for disposition.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiff brings a structural-barrier case under Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189. Plaintiff is seeking an injunction against Defendant, which is operating as a Shell gas station, to require the gas station to make structural alterations to its facility at 9646 SW 8th Street, Miami, Florida 33174 to make the facility compliant with the requirements of the ADA. D.E. 1. The lawsuit also seeks an injunction to have Defendant make reasonably modifications in policies, practices, or procedures to accommodate individuals with disabilities. *Id.*

This is the second lawsuit Plaintiff has brought regarding this same property. Plaintiff previously filed a case on November 17, 2014, based on the same underlying allegations. Case No: 1:14-cv-24367. The first action was dismissed without prejudice on March 17, 2015 under Rule 41(b), Fed. R. Civ. P., because Plaintiff repeatedly fail to comply with Court orders and demonstrated a "blatant disregard for Court-ordered deadlines." *Id.* (D.E. 18 Mar. 17, 2015). Plaintiff re-filed this action on August 1, 2015. D.E. 1. On October 23, 2015, this case was transferred to the undersigned. D.E. 21.

Defendant files this Motion contending that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff has not sufficiently alleged that he has standing to pursue this action. Specifically, to obtain injunctive relief he must sufficiently allege that he will return to the property in the future and therefore suffers a real and immediate threat of future injury. Defendant also contends that this action is now moot because it has allegedly fixed all the alleged ADA violations at its facility.

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (internal quotations omitted). "[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (internal quotations and citations omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact,

irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.*

"[I]n a factual challenge to subject matter jurisdiction, a district court can consider extrinsic evidence such as deposition testimony and affidavits." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (internal quotations and citations omitted). "In so doing, a district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff." *Id.* District courts should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

To establish standing under Article III, a plaintiff must demonstrate three things: (1) that he has suffered an "injury-in-fact"; (2) a causal connection between the injury-in-fact and the action of the defendant; and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In addition, because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal quotations and citations omitted). "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Id.*

Further, an action is no longer a case and controversy under Article III if it becomes moot. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001).  A case may become moot under the voluntary cessation doctrine where a defendant contends that the wrongful behavior has ceased and it is "absolutely clear that the allegedly wrongful behavior could not reasonably

be expected to recur." *U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). There are three factors that are important in "determining mootness where a private defendant has voluntarily ceased the conduct at issue. . . .: (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007). Defendant faces a "formidable" and "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Defendant contends that Plaintiff cannot demonstrate a likelihood of future injury because all of the alleged ADA violations have been cured. Further, Defendant contends that these fixes to the property render this action moot. In support thereof, Defendant submits an affidavit from its President, Leticia Hernandez, in which she states that all ADA violations have been remedied and attaches photographs demonstrating that the property was made ADA-compliant after Plaintiff filed his first action. D.E. 12-1 at 46-50. In his response to Defendant's Motion to dismiss, Plaintiff "by and through undersigned counsel, proffers that he has visited the subject Property since his initial visit, and personally (and through his expert) has verified that ADA violations continue to exist at the subject Property." D.E. 20 at 13.

Defendant's Motion implicates the merits of this action, specifically whether ADA violations still exist. Although the Court doubts Plaintiff's assertion that an expert has verified that ADA violations continue to exist, and warns Plaintiff that such a statement is sanctionable if it is false, there is ultimately a dispute as to the merits of this action, which cannot properly be

addressed on a motion to dismiss. *See Morrison*, 323 F.3d at 925. Moreover, Defendant's president is not an expert on ADA-compliance, and her photographs of the facility, although persuasive, do not definitively demonstrate that the facility is actually ADA-compliant. Therefore, it is not clear that this action is moot. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 12, is DENIED. Defendant SHALL file its Answer to Plaintiff's Complaint no later than **Monday, November 30, 2015.**

DONE AND ORDERED in Chambers at Miami, Florida, this _20th_ day of November, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record