UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

DOUG LONGHINI, individually,

    Plaintiff,

v.

CASE NO.: 1:15-cv-22874-Williams

WEST 97 CORP. d/b/a SHELL GAS
STATION, a Florida corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE, FOR SANCTIONS, FOR LEAVE OF COURT TO DEPOSE DEFENDANT OR, ALTERNATIVELY, TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DOUG LONGHINI (the **"Plaintiff"**), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.1 and 26.1, hereby moves to compel the deposition of Defendant, WEST 97 CORP. d/b/a SHELL GAS STATION (the **"Defendant"**), for sanctions, for leave of court or, alternatively, to strike Defendant's affirmative defenses. In support, Plaintiff states as follows:

**I.
Background**

This matter arises out of an alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (**"ADA"**). Defendant's property has numerous ADA violations, which Defendant has no intention of fixing. Prior to filing suit, Plaintiff attempted, although was not required to, have Defendant fix its property—a property Plaintiff has numerous times. Defendant failed to do so, and this lawsuit ensued.

*Longhini v. West 97 Corp., etc.*
Case No.: 15-cv-22874-CV-UNGARO

## II.
## Procedural Posture

Plaintiff filed the instant lawsuit against Defendant in August 2015. Since the inception of the filing of this lawsuit, Plaintiff's only goal has been to have Defendant agree to make its property compliant with the ADA by removing all barriers experienced by Plaintiff during his visit to Defendant's property and to compensate the undersigned a reasonable amount for attorneys' fees and costs incurred in bringing this action before this Court. To that end, Plaintiff and his counsel's endeavored to keep fees and costs down in hopes of achieving a resolution of this matter. On or about February 25, 2016, it became apparent that Defendant wanted this matter to proceed to trial.

Accordingly, the undersigned propounded diligent discovery (*i.e. Request for Admissions, Request for Production, and Interrogatories*), and requested to take the deposition of Defendant's corporate representative. The parties then came to an agreement whereby Plaintiff would be deposed on February 29, 2016, and Defendant would be deposed on March 1, 2016. As this Court is aware, Defendant and her counsel (**"Mr. Stone"**) failed to appear for the duly-noticed and agreed upon deposition of Defendant's corporate representative.[1]

On Monday, March 14, 2016, at approximately 5:56 p.m., Mr. Stone advised the undersigned—for the very first time—that Defendant hired Mr. Jeffrey Gross (**"Mr. Gross"**) as an expert to testify at trial. A true and correct copy of the correspondence designating Mr. Gross as Defendant's expert is attached as **Exhibit "A."** The undersigned immediately contacted Mr. Stone to obtain deposition dates for Mr. Gross' deposition. Not surprisingly, Mr. Stone took the position that no other depositions would take place in this case until such time as Mr. Stone finalized his deposition of the Plaintiff. Pursuant to this Court's Order dated March 18, 2016 [D.E.

---

[1] This is the subject of Plaintiff's Motion [D.E. 63] currently pending before this Court.

62], it is clear that Plaintiff's deposition is no longer going forward; therefore, the undersigned reached out again to Mr. Stone one final time requesting dates for Mr. Gross' deposition. A true and correct copy of the correspondence is attached as **Exhibit "B."** In light of Mr. Stone's failure to cooperate and dilatory tactics employed throughout this case as evidenced by the record, the undersigned anticipates he will not receive a deposition date for Defendant's newly-disclosed expert witness. As such, Plaintiff seeks to compel a deposition date for Mr. Gross, seeks leave of court to conduct such deposition, or, alternatively, seeks to strike Defendant's expert due to Defendant's late disclosure and counsel's refusal to provide deposition dates.

### III.
### Memorandum of Law

District Courts have broad discretion to manage their own affairs. *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358 (11th Cir. 2002). The broad discretion given to the district courts includes the management of pretrial activities such as discovery. *Id.* (citing *Johnson v. Bd. of Regents of Univ. Georgia*, 263 F.3d 1234 (11th Cir. 2001)); *see also Allianz Global Risks U.S. Ins. Co. v. Singlesource Roofing Corp.* 2006 WL 5112608, *1 (M.D. Fla. Nov. 14, 2006) (granting motion to compel deposition dates). When seeking to compel discovery, this Court's local rules require that "all motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion." *See* Local Rule 26.1(g) of the Southern District of Florida. "Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." "Neither this thirty (30) day period nor any other Court-ordered scheduling deadlines may be extended by stipulation." *Id.*

Rule 26(2)(a) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

F.R.C.P. 26(2)(a). This disclosure must be accompanied by an expert report which contains: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." F.R.C.P. 26(2)(b). The disclosures must be made "at the times and in the sequence that the court orders."

F.R.C.P. 26(2)(d). "Compliance with Rule 26 is not merely an aspiration as the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . . the expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Bray & Gillespie Management LLC v. Lexington Insurance Company*, 2009 WL 1043974 (M.D. Fla. 2009).

Under Rule 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…." F.R.C.P. 37(c); *see e.g., Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (untimely expert properly excluded); *Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358 (Fed. Cir. 2011) (same). Additionally, Fed. R. Civ. P. 26(a)(2)(C) requires "disclosure of the subject matter on which the witness is expected to present evidence…" and "a summary of the facts and opinions to which the witness is expected to testify." Finally, Rule 26(a)(2)(B) requires a party to identify the amount of compensation being provided to his expert.

Here, Defendant disclosed its expert on Monday, March 14, 2016, at approximately 5:56 p.m. for the very first time. The undersigned attempting to obtain dates for Mr. Gross' deposition, Mr. Stone has refused to provide same. Because of Mr. Stone refusal to provide deposition dates and upon entry of this Court's Order [D.E. 62], the undersigned felt it was imperative to seek court intervention to have this Court compel Defendant to provide deposition dates for its expert and obtain leave to depose Defendant's newly-disclosed expert witness. Proceeding to trial without having the benefit of deposing Mr. Gross would severely prejudice Plaintiff. In the event the Court is not inclined to permit the deposition of Mr. Gross to take place, Plaintiff asks that Mr. Gross be stricken as an expert due to the late expert disclosure and the subsequent refusal to provide deposition dates.

As further support, the undersigned points out that Defendant has failed to provide an expert report which contains: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them as required by Federal Rule of Civil Procedure 26(2)(b). Additionally, Fed. R. Civ. P. 26(a)(2)(C) requires "disclosure of the subject matter on which the witness is expected to present evidence…" Id. Defendant has also failed to provide that information. A true and correct copy of Mr. Gross' CV is attached as **Exhibit "C."** Finally, Rule 26(a)(2)(B) requires a party to identify the amount of compensation being provided to his expert.

Pursuant to well-established law, "if a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…." F.R.C.P. 37(c); *see e.g.,*

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (untimely expert properly excluded).

**WHEREFORE**, Plaintiff, Doug Longhini, respectfully entry of an order compelling Defendant to provide deposition dates for the deposition of Defendant's expert witness, Mr. Jeffrey Gross, or, alternatively, striking Defendant's expert witness, and granting such further relief as this Court deems just and proper.

*Respectfully submitted,*

**ESPINOSA LAW GROUP**
Trial Lawyers *For The Disabled*®
10625 N. Kendall Drive
Miami, Florida 33176
Office: 305-655-1501
E-mail: despinosa@EspinosaLawGroup.com
E-mail: service@EspinosaLawGroup.com

By: */s/ Danny Espinosa*
    Daniel Alberto Espinosa, Esq.
    Florida Bar No. 81686

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THIS RESPONSE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this response in a good faith effort to resolve the issues but have been unable to resolve the issues, and Defendant is opposed to the relief sought herein.

By: */s/ Danny Espinosa*
    Daniel Alberto Espinosa, Esq.
    Florida Bar No. 81686

*Longhini v. West 97 Corp., etc.*
Case No.: 15-cv-22874-CV-UNGARO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon counsel of record (*see* Service List, below) by electronically filing same with the Clerk of Court using the Electronic Case Filing System, on this 19th day of March, 2016.

By: */s/ Danny Espinosa*
Daniel Alberto Espinosa, Esq.
Florida Bar No. 81686

**Service List**

Richard J. Stone, Esq.
Two Datran Center, Penthouse 1-A
9130 S. Dadeland Blvd.
Miami, Florida 33156
E-mail: rich@rjstonelaw.com
*Counsel for WEST 97 CORP. d/b/a SHELL GAS STATION*