UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22874-CIV-UNGARO/OTAZO-REYES

DOUGLAS LONGHINI,

    Plaintiff,

v.

WEST 97 CORP.,

    Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon the following Motions, in which Plaintiff Douglas Longhini ("Plaintiff") and Defendant West 97 Corp. ("Defendant"), respectively, seek sanctions pursuant to Rule 37(b) for alleged discovery violations:

1. Plaintiff's First Motion for Sanctions [D.E. 63];

2. Plaintiff's Second Motion for Sanctions [D.E. 64];

3. Defendant's Objection to Magistrate's Order [D.E. 62] Entered on March 18, 2016 and Request for Re-Hearing (hereafter, "Motion for Reconsideration") [D.E. 74];

4. Defendant's First Motion for Sanctions [D.E. 78] (actually filed as part of [D.E. 75]);

5. Defendant's Second Motion for Sanctions [D.E. 80] (actually filed as part of [D.E. 76]); and

6. Defendant's Emergency Motion to Strike all Portions and References of Plaintiff's Counsel's Arguments at Discovery Hearing Based on the Illegal and Untimely Filing of an Unauthorized Reply with Additional Documents Contained Within DE 126 and to Strike all References to Any of the Documents Attached as Exhibits to DE 126 Which

Were not Previously Filed as Part of DE 63 (hereafter, "Defendant's Emergency Motion to Strike") [D.E. 129].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 67, 81, 132]. In a prior Order, the undersigned took under advisement items 1-5. See Order [D.E. 130].

Upon due consideration, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's First Motion for Sanctions [D.E. 63] is DENIED. Plaintiff seeks sanctions for Defendant's corporate representative's non-appearance for deposition on March 1, 2016, in the form of: reasonable expenses, including attorney's fees to be paid by Defendant and its Counsel; striking of Defendant's affirmative defenses; or prohibiting Defendant from supporting its defenses at trial. Counsel for Plaintiff and Counsel for Defendant had agreed that Plaintiff would appear for deposition on February 29, 2016, and that Defendant's corporate representative would appear for deposition on March 1, 2016. On February 29, 2016, Plaintiff's Counsel terminated his client's deposition on the grounds of harassment. At that time, Counsel for Defendant indicated that the March 1st deposition would not go forward due to the termination of Plaintiff's deposition.

The undersigned does not find that these circumstances provide the necessary predicate for the imposition of sanctions upon Defendant or its Counsel for the non-appearance on March 1, 2016.

2. Plaintiff's Second Motion for Sanctions [D.E. 64] is GRANTED. Plaintiff seeks to strike Defendant's expert Jeffery Gross ("Gross") on the ground that Defendant failed to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which requires disclosure of an expert report containing the following information:

2

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). On March 14, 2016, Defendant provided Plaintiff with Gross's CV only. Because Defendant did not fully comply with Rule 26(a)(2)(B), Gross is stricken as Defendant's expert.

3. Defendant's Motion for Reconsideration [D.E. 74] is GRANTED IN PART. Defendant objects to the undersigned's Order [D.E. 62] denying its Motion to Compel Answers to Certified Questions and Motion for Sanctions ("Motion to Compel") [D.E. 44] on the grounds that the undersigned failed to address the request for sanctions. The undersigned has fully reviewed the Motion to Compel and DENIES the request for sanctions set forth therein.

4. Defendant's First Motion for Sanctions [D.E. 78] is DENIED. Defendant requests sanctions for Plaintiff's seeking to compel the deposition of Defendant's corporate representative [D.E. 63]. The undersigned does not find sanctionable conduct in that filing.

5. Defendant's Second Motion for Sanctions [D.E. 80] is GRANTED IN PART to the extent that the report of Plaintiff's expert Chuck Childers dated October 8, 2014 is stricken for lack of relevance due to the passage of time.

6. Defendant's Emergency Motion to Strike [D.E. 129] is DENIED.

Additionally, the undersigned finds the conduct of Counsel for both sides to be unprofessional, lacking in civility, and unduly burdening the Court's resources. Based on this conduct, the undersigned will refer both Counsel to the Court's Peer Review Committee for appropriate action.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of July, 2016.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Ursula Ungaro
      Counsel of Record