UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-22874-UU

DOUGLAS LONGHINI,

    Plaintiff,

v.

WEST 97 CORP.,

    Defendant.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant's Expert's Affidavit and Report (D.E. 106-1), D.E. 140, and Defendant's Motion for Sanctions Pursuant to Rule 56(h), D.E. 106. These Motions are fully briefed and ripe for disposition.

**I.**     **Plaintiff's Motion to Strike Defendant's Expert's Affidavit and Report (D.E. 140)**

Plaintiff moves to strike the Declaration of Jeffery Gross, which is attached to Defendant's Motion for Sanctions Pursuant to Rule 56(h) (the "Gross Declaration"), on grounds that it contains expert opinions that were disclosed "over a month after the deadline to file expert reports." D.E. 140.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike an affidavit or declaration is a drastic remedy, which should be granted "only in extreme circumstances." *Inter–Tel, Inc. v. West Coast Aircraft Eng'g, Inc.,* No. 8:04-CV-02224-T-17MSS, 2006 WL 3147658, at *4 (M.D. Fla. Nov. 1, 2006); *Wajnstat v. Oceania Cruises, Inc.*, No. 09-21850-CIV, 2011 WL 2746235, at *1 (S.D. Fla. July 14, 2011). knowledge." *Pashoian v. GTE Directories,* 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002).

However, "[e]ven if an affidavit does contain some inadmissible material, the court is not required to strike the entire affidavit," but can instead "disregard the inadmissible portions." *Givhan v. Elec. Engineers, Inc.*, 4 F. Supp. 2d 1331, 1334 n. 2 (M.D. Ala. 1998) (citing *S. Concrete Co. v. United States Steel Corp.,* 394 F. Supp. 362, 380 (N.D. Ga. 1975), *aff'd,* 535 F.2d 313 (5th Cir. 1976) and *Lee v. Nat'l Life Assurance Co.,* 632 F.2d 524, 529 (5th Cir. 1980)).

The Court will strike Mr. Gross' declaration because Mr. Gross has already been stricken as an expert in this case as a result of Magistrate Judge Otazo-Reyes' July 7, 2016 Order. D.E. 151. On March 19, 2016, Plaintiff filed a Motion to Compel the Deposition of Defendant's Corporate Representative, for Sanctions, for Leave of Court to Depose Defendant or, Alternatively, to Strike Defendant's Affirmative Defenses ("Plaintiff's Second Motion to Compel or for Sanctions"). D.E. 64. In Plaintiff's Second Motion to Compel or for Sanctions, Plaintiff requested that the Court strike Mr. Gross as Defendant's expert based on Defendant's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B). *Id.* p. 5. The undersigned referred Plaintiff's Second Motion to Compel or for Sanctions to Magistrate Judge Otazo-Reyes on March 21, 2016, pursuant to its authority under 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. D.E. 67.

On May 18, 2016 and July 7, 2016, after holding a hearing on Plaintiff's Motion, Magistrate Judge Otazo-Reyes granted in part and denied in part Plaintiff's Second Motion to Compel or for Sanctions, and ruled that Mr. Gross is stricken as Defendant's expert because Defendant failed to comply with Rule 26(a)(2)(B). D.E. 130; D.E. 151. Specifically, Judge Otazo-Reyes held that Defendant violated Rule 26(a)(2)(B) by providing Plaintiff with **only** Mr. Gross' C.V. during the discovery period, and failing to provide an expert report to Plaintiff before the March 18, 2016 discovery cut-off. D.E. 151. Because Mr. Gross is stricken as

2

Defendant's expert, the Gross Declaration will be stricken, as it sets out facts that are not admissible as evidence as trial.[1] Fed. R. Civ. P. 56(c)(4) (permitting "[a]n affidavit or declaration . . . [which] set[s] out facts that would be admissible in evidence"); *Broughton v. Sch. Bd. of Escambia Cty., Fla.*, 540 F. App'x 907, 911 (11th Cir. 2013) (affirming striking of affidavits that failed to satisfy Rule 56(c)). Accordingly, Plaintiff's Motion, D.E. 140, is GRANTED.

## II.     Defendant's Motion for Sanctions (D.E. 106)

Defendant requests that the Court sanction Plaintiff by: (1) excluding Mr. Childers as an expert in this case; (2) striking Mr. Childers' March 24, 2016 Affidavit, including its exhibits, filed by Plaintiff in support of his Cross-Motion for Summary Judgment (the "Childers Affidavit"); (3) striking Plaintiff's Affidavit submitted in support of Plaintiff's Cross-Motion for Summary Judgment; and, alternatively, (4) issuing an Order to Show Cause to Plaintiff as to why he should not be sanctioned by the Court.

### A. Rule 56(h)

Rule 56(h) of the Federal Rules of Civil Procedure provides: "If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." Fed. R. Civ. P. 56. Accordingly, Rule 56(h) "generally permits a party to seek sanctions against an offending party or attorney and reimbursement for its reasonable expenses, to include attorney's fees, when an affidavit has been submitted in bad faith or solely for delay, as well as when moving to strike

---

[1] While the Court need not address the merits of Judge Otazo-Reyes' ruling, the Court notes that Defendant blatantly failed to comply with Rule 26(a)(2)(B) and this Court's Scheduling Order and that Mr. Gross is, therefore, properly stricken as Defendant's expert. *See, e.g.*, *Ace Tech. Corp. v. GFM Corp.*, No. 08-60985-CIV, 2010 WL 900525, at *4 (S.D. Fla. Mar. 11, 2010) (striking expert based on improper disclosure).

a sham affidavit. *nVision Glob. Tech. Sols., Inc. v. Cardinal Health 5, LLC*, 887 F. Supp. 2d 1240, 1260 (N.D. Ga. 2012) (internal citations omitted). If a court finds that a party "acted in bad faith or solely for the purposes of delay in submitting an affidavit on summary judgment, it may exercise its discretion to award attorney's fees or a sanction that includes striking an affidavit or holding a party in contempt." *Id.*

    B. Rule 26

Rule 26(a)(2) requires a party to disclose the identity of any expert it may use at trial. The disclosure and written report must be made at the "*time*[] *and in the sequence that the court orders*[,]" or in the absence of an agreement among the parties or court order, the disclosure must occur at least ninety days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D)(i) (emphasis added). Complying with Rule 26 is "'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* No. 6:07–cv–222–Orl–35KRS, 2009 WL 1043974, at *3 (M.D. Fla. Apr. 17, 2009) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008)). Where a party fails to provide information as required under Rule 26(a), Rule 37 authorizes the Court to sanction that party. *See* Fed. R. Civ. P. 37(c). Under Rule 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"When a party claims that it has substantial justification for its actions, the court should ask whether reasonable people could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Stallworth v. E-Z*

4

*Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001) (internal citation and quotation omitted). "A party's failure to properly disclose an expert," including improper designation of an expert under Rule 26(a)(2)(D)(ii), "is harmless when no prejudice results to the opposing party." *Leaks v. Target Corp.*, No. CV414-106, 2015 WL 4092450, at *4 (S.D. Ga. July 6, 2015) (internal citation omitted).

    C. The Parties' Arguments

Defendant moves for sanctions for four reasons. First, Defendant argues that Plaintiff repeatedly requested Rule 34 site inspections, during the discovery period, "irrespective of the limited scope of the alleged injuries in fact claimed by Plaintiff . . . in his complaint." D.E. 106 ¶ 24. Second, Defendant argues that Plaintiff "illegally entered upon the premises of West 97 Corp." to conduct three different "unauthorized Rule 34 inspection[s]," without Defendant's consent, on October 7, 2015, March 23, 2016 and March 24, 2016, and that two of these allegedly unauthorized inspections were conducted after the discovery cut-off. *Id.* ¶¶ 29-30; *see also* D.E. 31. Third, Defendant argues that Plaintiff filed the Childers Affidavit on March 24, 2016, which was six (6) days after the close of discovery, and that this affidavit improperly includes expert reports first disclosed to Defendant **after** the discovery cut-off. D.E. 106 ¶¶ 30, 32-33. Lastly, Defendant argues that the Childers Affidavit "includes facts discovered after the discovery cutoff date," and that the Childers Affidavit should be stricken because Plaintiff is precluded from referring to "**new** alleged barriers . . . which were never identified by Plaintiff . . . [in his Complaint]". *Id.* ¶¶ 8, 32, 35-36 (emphasis in original); D.E. 143 ¶ 11.

Plaintiff responds, in relevant part, that the Court should deny Defendant's Motion because: (1) "the gas station is a place of public accommodation," such that Mr. Childers could properly access the "exterior of the property" to conduct Rule 34 inspections without

5

Defendant's consent; (2) Plaintiff disclosed the Childers Affidavit, including the attached March 24, 2016 ADA Compliance Inspection Report (the "March 2016 Report"), six (6) days after the discovery deadline, but that this does not prejudice Defendant because the report was untimely disclosed due to Defendant "refus[ing] to allow Plaintiff's expert [formal] access to the Property;" and (3) Defendant continues to engage in misconduct, as "Defendant's expert is still inspecting the property and submitting new affidavits with corresponding pictures" after "either physically remov[ing] the barriers [at issue in this case] or instruct[ing] another person to remove the barriers." D.E. 137 ¶¶ 15-16, 20. In the alternative, Plaintiff argues that the Court should strike only the Childers Affidavit and exhibits, but not strike Mr. Childers as an expert in this case under Rule 26. *Id.* p. 4. n. 2.

### D. Analysis

Rule 56(h) sanctions are not warranted in this case because there is no reason to conclude that Plaintiff filed the Childers Affidavit, or any other declaration or affidavit, "in bad faith or solely for delay." Fed. R. Civ. P. 56(h); *see also nVision Glob. Tech. Sols., Inc.*, 887 F. Supp. 2d at 1261 (denying Rule 56(h) motion). Moreover, if Defendant believed that Plaintiff improperly conducted Rule 34 inspections, so as to warrant sanctions, then it should have raised such issues in discovery motions "within thirty (30) days of the occurrence of grounds for the motion," as required by Southern District of Florida Local Rule 26.1(g)(1).

However, Mr. Childers will be stricken as Plaintiff's expert in this case because Plaintiff failed to provide Defendant with Mr. Childers' expert reports prior to the close of discovery, even though Plaintiff was required to do so under Rule 26(a)(2)(B) and this Court's Scheduling Order. D.E. 31. Specifically, Plaintiff does not contest Defendant's assertion that Plaintiff failed to: (1) provide Defendant with Mr. Childers' October 8, 2014 expert report (the "October 2014

6

Report")[2] until March 19, 2016; and (2) provide Defendant with Mr. Childers' March 2016 Report until March 24, 2016. *See* D.E. 76 pp. 4, 19, 24; D.E. 106 ¶ 30; D.E. 137 ¶ 16 ("Defendant is correct that the [March 2016 Report] was disclosed six (6) days late"). Both of these disclosures were after the Court's March 18, 2016 discovery cut-off. D.E. 31. Rule 26 exists to allow parties to "prepare their case adequately and to prevent surprise," and Plaintiff's failure to comply by providing Defendant with *either* of Mr. Childers' expert reports until after the discovery cut-off prohibited Defendant from properly preparing its case against Plaintiff. *Bray & Gillespie Mgmt. LLC,* 2009 WL 1043974, at *3-5.

With respect to Rule 37, Plaintiff also fails to show that its failure to comply with Rule 26 and the Court's Scheduling Order was substantially justified. In short, Plaintiff was not justified in failing to timely provide the October 2014 Report or March 2016 Report, as allegations that Defendant "refus[ed] to allow Plaintiff's expert [formal] access to the property" are insufficient to excuse Plaintiff from its obligations under the Federal Rules of Civil Procedure and this Court's Scheduling Order, especially given that the Scheduling Order expressly provided: "ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE." D.E. 31 (emphasis removed); *see also Weaver v. Lexington Ins. Co.,* No. 8:05–cv–1913–T–27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) ("Substantial justification requires justification to a degree that could satisfy a reasonable person that parties

---

[2] The October 2014 Report is already stricken as a result of Magistrate Judge Otazo-Reyes' July 7, 2016 Order. D.E. 151. In this Order, the October 2014 report was stricken "for lack of relevance due to the passage of time" because the report was completed: (1) over one month before Plaintiff first filed suit against Defendant in Case No. 14-24367; (2) ten (10) months before Plaintiff filed the instant action; and (3) approximately twenty-one (21) months before the date of Judge Otazo-Reyes' Order. *Id.*

could differ as to whether the party was required to comply with the disclosure request."). Moreover, Plaintiff's failure to comply with Rule 26 is far from harmless, as it prevented Defendant from deposing Mr. Childers to cross-examine him or, alternatively, obtain documents from Mr. Childers related to the October 2014 or March 2016 Reports. *See, e.g.*, *Ace Tech. Corp.*, 2010 WL 900525, at *4 (granting motion to strike expert witness for failing to comply with Rule 26 disclosure requirements). For these reasons, Mr. Childers is stricken as Plaintiff's expert and the Childers' Affidavit, including the expert reports attached as exhibits, will not be considered by the Court in resolving Plaintiff's Cross-Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED as follows:

(1) Plaintiff's Motion to Strike Defendant's Expert's Affidavit and Report, D.E. 140, is **GRANTED**. Mr. Gross' Declarations, D.E. 104-1 and D.E. 106-1, are stricken for reasons set forth in this order and as inadmissible evidence under Rule 56(c).

(2) Defendant's Motion for Sanctions, D.E. 106, is **GRANTED IN PART and DENIED IN PART**. Mr. Childers is HEREBY STRICKEN as Plaintiff's expert. Mr. Childers' Affidavits, D.E. 90-2 and D.E. 98-2, are therefore stricken as inadmissible evidence under Rule 56(c).

DONE AND ORDERED in Chambers, Miami, Florida, this  11th   day of July, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record