UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-22874-UU

DOUGLAS LONGHINI,

    Plaintiff,

v.

WEST 97 CORP.,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendant West 97 Corp.'s Revised Motion for Summary Judgment, D.E. 84, and Plaintiff's Motion for Final Summary Judgment, D.E. 90. The Motions are fully briefed and ripe for disposition.

THE COURT has considered the Motions, the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, the parties' Motions are DENIED.

**I.   Background**

The following facts are undisputed. Plaintiff is an individual with cerebral palsy who requires a wheelchair to ambulate, has very limited use of his hands, and cannot operate any mechanisms that require tight grasping or twisting of the wrist. D.E. 90 ¶ 4-5; D.E. 105 ¶¶ 4-5. Defendant operates a Shell gas station located at 9646 S.W. 8th Street, Miami, Florida, 33174 (the "Property"). D.E. 90 ¶ 2; D.E. 105 ¶ 2. Plaintiff alleges that he visited the property in August 2014 to avail himself of the gas station on Defendant's Property and encountered barriers to access that discriminated against him on the basis of his disability. D.E. 1 ¶ 9; D.E. 90 ¶ 7.

Specifically, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") based on: (1) excessively sloped parking space access; (2) improper maneuvering clearances at doors; (3) improper level landing at the restroom entrance; (4) counters and vacuum coin slots mounted too high; and (5) improper restroom accommodations. D.E. 1 ¶ 9.

After the close of discovery, Plaintiff provided Defendant with the expert report of his expert witness, Chuck Childers, and Defendant provided Plaintiff with the expert report of its expert witness, Jeffery Gross. D.E. 76 pp. 4, 19, 24; D.E. 106 ¶ 30; D.E. 137 ¶ 16; *see also* D.E. 151. Because Plaintiff and Defendant failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B), Mr. Childers and Mr. Gross have been stricken as expert witnesses in this case.[1] D.E. 151; D.E. 152.

Defendant now moves for summary judgment on grounds that: (1) Plaintiff lacks standing; and (2) this action is moot because Defendant has remediated the ADA violations identified in Plaintiff's Complaint. D.E. 84. Plaintiff moves for summary judgment on grounds that Defendant violated the ADA by failing to provide "readily achievable" accommodations or renovations to architectural barriers at the gas station on the Property, as required by the ADA. D.E. 90.

II.   **Summary Judgment Standard**

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Adickes v.*

---

[1] Accordingly, Mr. Gross' Declaration, D.E. 108-1 and D.E. 104-1, Mr. Childers' Affidavit, D.E. 90-2 and D.E. 98-2, will not be considered in resolving the parties' competing summary judgment motions. Fed. R. Civ. P. 56(c)(4) (permitting "[a]n affidavit or declaration . . . [which] set[s] out facts that would be admissible in evidence"); *Broughton v. Sch. Bd. of Escambia Cty., Fla.*, 540 F. App'x 907, 911 (11th Cir. 2013). D.E. 151; D.E. 152.

2

*S.H. Kress & Co.*, 398 U.S. 144, 175 (1970). When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157; *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[3] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

### III.    Discussion

    A.  Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment because Plaintiff lacks standing to bring this suit or, alternatively, because Plaintiff's ADA claims are now moot.  To establish constitutional standing to bring suit, a plaintiff must demonstrate that: (1) he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (applying *Lujan* standing test to ADA case). "In addition, because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party . . . alleges a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Shotz*, 256 F.3d at 1081. "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Id.*

Further, an action is no longer a case and controversy under Article III if it becomes moot. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). A case may become moot

under the voluntary cessation doctrine where a defendant contends that the wrongful behavior has ceased and it is "**absolutely clear** that the allegedly wrongful behavior could not reasonably be expected to recur." *U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (emphasis added). The following three factors are important in determining mootness where a private defendant has voluntarily ceased the conduct at issue: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007). Defendant faces a "formidable" and "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Accordingly, "voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Id.* at 1188-89; *Cook v. Bennett*, 792 F.3d 1294, 1299 (11th Cir. 2015).

Defendant argues that Plaintiff lacked standing to bring this lawsuit or, alternatively, that this action is currently moot, for three reasons. First, Defendant argues that Plaintiff cannot show that he suffered an "injury in fact" after the first case, Case No. 14-24367, was dismissed, such that there is "no present case or controversy for this Court to consider granting injunctive relief to cure." D.E. 84 ¶ 4. In support of this argument, Defendant contends that it "had already begun remediation efforts during the first lawsuit" to bring the Property into compliance with the ADA, including replacing: (1) the vacuum; (2) the indoor countertop; and (3) the toilet, grab bar, mirror and hairdryer in the restroom. *Id.* ¶¶ 11-12, 14. Defendant relies on photographs submitted in

5

support of its August 17, 2015 Motion to Dismiss, D.E. 12-1 pp. 53-85, and photographs and videos of Plaintiff's visit to the Property in February 2016, D.E. 84-3 and D.E. 84-5. Defendant contends that these photographs and videos show, as a matter of law, that the Property complies with the ADA. *Id.* ¶¶ 11-12, 14, 44.

Second, Defendant argues that there is no real and immediate threat of future injury because: (1) Plaintiff "does not have a Florida drivers license and he does not own a car" and therefore "never really has any legitimate reason for ever returning to any gas station;" (2) Defendant's employee assisted Plaintiff when he returned to the property in February 2016; (3) Plaintiff's friend also assisted Plaintiff when he returned to the property in February 2016; and (4) Plaintiff's routine travel routes do not pass by the Property and, instead, pass by numerous other gas stations, such that Plaintiff shows no more than "mere conjecture" or a "hypothetical" chance that he will return to the Property. D.E. 84 ¶ 19(c), 20-22, 23, 32, 35, 37, 40. In support thereof, Defendant relies on the photographs and videos of Plaintiff's visit to the Property in February 2016, Defendant's counsel's video of street routes "personally [taken] from [his] cell phone," and Plaintiff's deposition testimony concerning other gas stations in the vicinity of Plaintiff's home and surrounding areas. *Id.*; D.E. 84-3; D.E. 84-5; D.E. 93; D.E. 135-1 pp. 10-19.

Lastly, Defendant argues that this action is moot because it has remedied all of the ADA violations alleged in Plaintiff's Complaint, for reasons set forth above, and also removed the restroom from the category of "public accommodation" under the ADA by instituting a policy expressly prohibiting customers from using the restroom by means of a written notice stating: "**EMPLOYEES ONLY**!!! **NO EXCEPTIONS**!!!" D.E. 84 ¶¶ 53, 55-56 (emphasis in original). Defendant attaches a copy of the notice to its Motion for Summary Judgment. D.E. 84-7.

In response, Plaintiff argues that he had, and continues to have, standing to bring this action and that the claims in this lawsuit are not moot for three reasons. First, Plaintiff argues that there is a genuine dispute of material fact as to whether **all** of Defendant's ADA violations have been remedied which is enough to defeat summary judgment. D.E. 98 p. 10. In support of this argument, Plaintiff relies largely on the affidavit of its stricken expert, Mr. Childers. *Id.* Second, Plaintiff argues that even if Defendant remedied all of its violations under the ADA, "Defendant's mootness argument still fails because Defendant has not met the standard for voluntary cessation articulated in *Sheely*." *Id.* p. 11. In support thereof, Plaintiff points to Defendant's decision to label the restroom as "employees only" and close it off to the public. *Id.* pp. 12-13. According to Plaintiff, Defendant's decision to close the restroom shows that Defendant: (1) is not "motivated by a genuine change of heart;" and (2) has not "acknowledged liability," but is instead attempting to "short-circuit litigation" to avoid liability under the ADA. *Id.*

Lastly, Plaintiff argues that it has a real and immediate threat of future injury, irrespective of whether he utilizes the assistance of a caretaker or friend, as Defendant failed to remediate all identified ADA violations and Plaintiff submitted an affidavit in support of the fact that he "intend[s] to return to the gas station in the near future . . . because [his] friend, Trishell Morrison, often takes me to the gas station because she lives just two miles away from it." *Id.* pp. 15-17; D.E. 98-1 ¶ 14.

Plaintiff is correct. As an initial matter, Defendant does not come close to meeting its burden to show the absence of any genuine issue of material fact concerning whether Plaintiff suffered an "injury in fact," especially in light of Mr. Gross being stricken as an expert, as Defendant's photographs and videos show, at most, that Defendant engaged in <u>some</u> repairs to

7

the Property that <u>might</u> address ADA violations. *See* D.E. 84-3; D.E. 84-5; D.E. 93; D.E. 135-1 pp. 10-19. But these photographs and videos do not demonstrate that Defendant indisputably remedied each of the ADA violations alleged in Plaintiff's Complaint, thereby precluding summary judgment. *Id.*; *see also Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2011 WL 6951846, at *3 (S.D. Fla. Dec. 15, 2011) (vacating final summary judgment where "Plaintiff disputed that Defendant's remedies had 'completely and irrevocably eradicated the effects of the alleged violation'").

Defendant's arguments as to the real and immediate threat of future injury to Plaintiff are frivolous. Defendant cites to no case law, and the Court finds no basis to conclude, that a disabled party has no real and immediate threat of future injury based on ADA violations at a gas station merely because that party: (1) cannot operate a motor vehicle due to the party's disability; or (2) receives medical assistance as a result of one's disability. Moreover, Plaintiff's sworn statement that "I intend to return to the gas station in the near future, especially because my friend, Trishell Morrison, often takes me to the gas station because she lives just two miles away from it," standing alone, is enough to defeat summary judgment. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (future injury not conjectural or hypothetical, even though the plaintiff lived 30.5 miles from the defendant's supermarket, because the plaintiff regularly visited his "lawyer's offices . . . less than two miles from the [supermarket]" and anticipated "going to his lawyer's offices" again "in the near future").

Lastly, even if Defendant demonstrated that it remedied all of the ADA violations alleged in Plaintiff's Complaint, which it has not, Defendant "has not met its 'formidable,' 'heavy burden' of meeting the Supreme Court's 'stringent' standard for mootness in a private voluntary cessation case—showing that it is 'absolutely clear that the allegedly wrongful behavior could

8

not reasonably be expected to recur.'" *Sheely*, 505 F.3d at 1188-89 (citing *Laidlaw,* 528 U.S. at 189); D.E. 98-1 (testimony that the restroom at the Property has been open to the public for the last "decade"). Because the Court "cannot say with any degree of confidence, let alone with absolute clarity" that Defendant did not voluntarily change its conduct "simply to deprive the Court of jurisdiction," Defendant's Motion is denied. *Id.*

    B. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff argues that he is entitled to summary judgment because: (1) the Property is a public accommodation under the ADA; (2) Plaintiff encountered architectural barriers at the Property in violation of the ADA; (3) Defendant has yet to remediate these architectural barriers; and (4) remediation of these architectural barriers is "readily achievable." D.E. 90 pp. 1-9. Plaintiff also argues that he has Article III standing because "in the absence of the requested remedial action, Plaintiff is certain to suffer the alleged injury again when she [*sic*] returns to the Property." *Id.* p. 10. Plaintiff relies on his own Affidavit and the Affidavit of Mr. Childers, which has been stricken, in support of his Motion for Summary Judgment. D.E. 90-1; D.E. 90-2.

In response, Defendant argues, in relevant part, that Plaintiff is not entitled to summary judgment because: (1) Plaintiff filed his Motion for Summary Judgment two (2) days after the Court's deadline; and (2) Defendant has submitted evidence, including Mr. Gross' Affidavit, to show that Defendant has remediated all alleged ADA violations identified in Plaintiff's Complaint. D.E. 104 ¶¶ 1-40. Defendant also argues that Plaintiff lacks Article III standing for reasons set forth in its Motion for Summary Judgment, D.E. 84.

Plaintiff is not entitled to summary judgment because there are genuine issues of material fact concerning whether Defendant remediated the ADA violations identified in Plaintiff's Complaint, especially given that Mr. Childers and Mr. Gross have been stricken as experts in this

9

case. D.E. 12-1 pp. 53-85; D.E. 84-3; D.E. 84-5; D.E. 84-7; *Campbell*, 2011 WL 6951846, at *3 (vacating summary judgment because "there remain[ed] factual disputes as to whether the facility was compliant").

C. Partial Findings of Fact

Pursuant to Federal Rule of Civil Procedure 56(g) and as conceded by the parties, the Court finds that there is no genuine dispute that Defendant has, as of the date of this Order, remediated alleged ADA violations pertaining to parking, as set forth under the "Parking" header at paragraph 9(a) of Plaintiff's Complaint, and access to goods and services, as set forth under the "Access to Goods and Services" header at paragraph 9(a)-(b) of Plaintiff's Complaint, by: (1) replacing the non-ADA compliant vacuum; (2) replacing the non-ADA compliant counter that was mounted too high; and (3) remediating the non-compliant handicap parking space located on an excessive slope. D.E. 98 ¶ 21; D.E. 84 ¶¶ 11-12, 14; D.E. 85 ¶ 11. Plaintiff is, therefore, **not** entitled to injunctive relief with respect to **these three** ADA violations. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion, D.E. 84, is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion, D.E. 90, is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 13th day of July, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record